**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: April 11 2016

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-31954 |
| | ) | |
| Daniel L. Reau and | ) | Chapter 13 |
| Nancy J. Reau, | ) | |
| | ) | |
| | ) | JUDGE JOHN P. GUSTAFSON |
| Debtor(s). | | |

### MEMORANDUM OF DECISION AND ORDER ON OBJECTION TO CLAIM #8 OF CREDITOR TOLEDO WATER DEPARTMENT

This case came before the court on Debtors' Objection to Claim #8 of Creditor Toledo Water Dept. [Doc. #28], and the Response to Debtors' Objection to Claim #8 of Toledo Water Dept. filed on behalf of the City of Toledo. [Doc. #32]. A Hearing was held on the Objection, and the parties requested that the court rule on the Debtors' Objection. [Doc. # 40].

The facts do not appear to be in dispute. The City of Toledo[1] filed a secured claim in the above captioned case in the amount of $99.65. [Claim No. 8-1; Doc. #32-1]. The claim is for sewer charges accrued pursuant to Toledo Municipal Code Chapter 929. The City of Toledo asserts, and the Debtors do not appear to contest, that under state law the unpaid pre-petition sewer charges are a self-perfecting lien upon the Debtors' real property. *See*, O.R.C. §729.49; 1981 Ohio Atty.Gen.Ops. No. 2-108 at

---

[1] The Response states that it is on behalf of "City of Toledo and its Department of Public Utilities". This decision will refer to Claimant as "City of Toledo".

syllabus para. 4 ("Charges made by the legislative authority of a municipal corporation for the operation of a municipal sewerage works under R.C. 729.49 are a lien against the property served as soon as the charges are incurred, and remain a lien until such time as they are paid.").

The Debtors object to Claim #8 "because it is characterizing the entire claim as secured and the collateral is being surrendered in the proposed Plan." [Doc. #28]. Debtors' Objection does not specify a basis for disallowance of the claim under 11 U.S.C. Section 522(b).

A review of Claim #8 reflects a secured amount of $99.65 and an unsecured amount of $93.92. The Affidavit filed in support of the City of Toledo's claim states that while the total amount of the claim was $193.57, "only a portion of that balance is secured by a self-perfected statutory lien." [Doc. #32-1, ¶6]. Only "$99.65 is secured pursuant to Ohio Revised Code Section 729.49". [Doc. #32-1, ¶7]. Thus, Debtors' assertion that the "entire claim" was filed as secured is incorrect.

The City of Toledo asserts that there is no basis to disallow the claim under §522(b), and therefore the Objection should be denied.

Section 502 of the Bankruptcy Code, entitled "Allowance of claims or interests," provides that a properly filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. §502(a). "But even where a party in interest objects, the court 'shall allow' the claim 'except to the extent that' the claim implicates any of the nine exceptions enumerated in § 502(b)." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 449, 127 S. Ct. 1199, 1204 167 L. Ed. 2d 178, 185 (2007). The Supreme Court summarized the exceptions as follows:

> Those exceptions apply where the claim at issue is "unenforceable against the debtor . . . under any agreement or applicable law," § 502(b)(1); "is for unmatured interest," § 502(b)(2); "is for [property tax that] exceeds the value of the [estate's] interest" in the property, § 502(b)(3); "is for services of an insider or attorney of the debtor" and "exceeds the reasonable value of such services," § 502(b)(4); is for unmatured debt on certain alimony and child support obligations, § 502(b)(5); is for certain "damages resulting from the termination" of a lease or employment contract, §§ 502(b)(6) and (7); "results from a reduction, due to late payment, in the amount of . . . credit available to the debtor in connection with an employment tax on wages, salaries, or commissions earned from the debtor," § 502(b)(8); or was brought to the court's attention through an untimely proof of claim, § 502(b)(9).

*Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 449, 127 S. Ct. 1199, 1204, 167 L. Ed. 2d 178, 185-186 (2007).

In addition to Section 502(b), the Code also provides other statutory grounds for disallowance,

like Section 502(d). However, the Debtor has not specified any statutory basis for disallowing the claim. Moreover, the only evidence presented by the Debtor was the suggestion that the claim would be paid through the foreclosure process. This is insufficient to overcome the presumption of validity of the City of Toledo's proof of claim under Federal Rule of Bankruptcy Procedure 3001(f).

The filing of a secured proof of claim on property that is being abandoned by a Chapter 13 debtor may present some procedural and practical difficulties. However, those difficulties do not create a non-statutory basis for the elimination of a timely filed claim.

The Chapter 13 Plan can propose a specific treatment of the City of Toledo claim, which would be binding on the City of Toledo if the Plan were to be confirmed. *See*, *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010). The rights of the City of Toledo are also limited by state law, which allows only a single satisfaction of its claim, permitting disallowance - if the claim has been paid - under Section 502(b)(1). In addition, the City of Toledo may face its own difficulties if it seeks relief from stay[2] to pursue its secured claim, as the required[3] local form Order used in Chapter 13 cases states: "IT IS FURTHER ORDERED that the Chapter 13 Trustee shall discontinue all payments to Movant on its claim under the Chapter 13 Plan filed by the Debtor(s)." *See*, www.ohnb.uscourts.gov/local-bankruptcy-forms/order-relief-stay-chapter-11-and-13-cases .

Accordingly, for good cause shown,

**IT IS ORDERED** that the Debtors' Objection to Claim #8 of Creditor Toledo Water Dept. is **Overruled.**

###

---

[2] / While it is extremely unlikely that the City of Toledo would seek relief in this case, based on the dollar amounts involved, the litigants made it clear that this issue was brought, in part, for guidance in future cases.

[3] / See, Local Bankruptcy Rule 4001-1(a).

3